OPINION
{¶ 1} Appellant Tanya Kyler-Lowther appeals the grant of permanent custody of her son, Joel William Lowther, to Appellee Tuscarawas County Department of Job and Family Services ("TCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Court involvement with this family began with a case concerning Joel's sister, Teuila Kyler-Lowther, born in 2002. On September 8, 2003, Appellee TCDJFS filed a complaint alleging that Teuila, appellant's daughter, was a neglected and dependent child. Following an adjudicatory hearing on October 7, 2003, the court found Teuila to be a dependent child. A dispositional hearing was conducted on November 5, 2003. Teuila was ordered to remain in the temporary custody of TCDJFS. On June 22, 2005, TCDJFS filed a motion for permanent custody of Teuila. On December 12, 2005, following a bench trial, the trial court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of Teuila to TCDJFS. Appellant has appealed from that decision, which is simultaneously before this Court as case number 2006AP01005.
 {¶ 3} In January 2006, Joel was born to appellant and Randy Lowther. When TCDJFS became aware of Joel's birth, it immediately filed a dependency complaint, seeking permanent custody as the initial disposition. An adjudicatory hearing was conducted on March 28, 2006. By the consent of the parties, the trial court utilized evidentiary materials from Teuila's case. The trial court thereupon issued a decision finding Joel to be a dependent child pursuant to statute. Based on the provision of a certified copy of the judgment entry granting permanent custody of Teuila, the court also found TCDJFS was not required to expend reasonable efforts to reunify Joel with his parents, pursuant to R.C.2151.419(A)(2)(e). By agreement of the parties, the matter then proceeded to disposition.
 {¶ 4} On March 30, 2006, the trial court issued a judgment entry granting permanent custody of Joel to TCDJFS.
 {¶ 5} On April 24, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING DEPENDENCY AND THE FINDING THAT PERMANENT CUSTODY IS IN THE BEST INTEREST OF APPELLANT'S CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 7} In her sole Assignment of Error, appellant challenges the trial court's findings that Joel was a dependent child and that permanent custody was in his best interest.
 {¶ 8} R.C. 2151.04 sets forth four definitional categories for a "dependent child" under Ohio law. One of the categories, R.C. 2151.04(D), defines a dependent child as a child to whom both of the following apply:
 {¶ 9} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 10} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 11} In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 12} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 13} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 14} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 15} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 16} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."[1]
 {¶ 17} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. In the case sub judice, in addition to the transcripts from earlier proceedings involving Teuila, Joel's sister, the court heard testimony from TCDJFS case manager Beth Bertini, outpatient counselor William Buchwald, outpatient therapist Camille Lindon, and both parents. While we recognize that Buchwald and Lindon, who were called as witnesses for the parents, opined that appellant has made progress on her ongoing mental health and behavioral issues, our review of the present record and the transcripts from Teuila's case support the trial court's determinations under R.C. 2151.04(D) and R.C.2151.414(D), and the corresponding grant of permanent custody of Joel to the agency.
 {¶ 18} Appellant's sole Assignment of Error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] We specifically note under the circumstances of this case that R.C. 2151.414(E)(11) states as a factor whether "[t]he parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child."